In an action, inter alia, to discharge a mortgage (action No. 1), in which the first four causes of action were joined for trial with a related action to foreclose the mortgage (action No. 2), Lisa Genereux, the plaintiff in action No. 1 and a defendant in action No. 2, appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated November 29, 2010, as denied those branches of her motion which were (a), in effect, for summary judgment on the issue of liability on the first cause of ac *921 tion, as amended, in action No. 1, (b), in effect, for summary judgment on the second and third causes of action in action No. 1, and (c) for summary judgment dismissing the complaint insofar as asserted against her in action No. 2.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant to the respondents 2386 Hempstead, Inc., and Thomas Palmieri.
The Supreme Court properly determined that Lisa Genereux, the plaintiff in action No. 1 and a defendant in action No. 2, failed to establish her prima facie entitlement to judgment as a matter of law (see Malik v Dockery, 295 AD2d 407, 407 [2002]; see generally Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly denied those branches of her motion which were, in effect, for summary judgment on the issue of liability on the first cause of action, as amended, and on the second and third causes of action in action No. 1, and for summary judgment dismissing the complaint insofar as asserted against her in action No. 2, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The plaintiffs remaining contentions either are without merit or need not be reached in light of the foregoing. Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.